IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA RESPONDENT

v. Case No. 6:18-cr-60031-001
Case No. 6:23-cv-6045

STEVEN ZUBER MOVANT

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant,[1] United States Magistrate Judge for the Western District of Arkansas. ECF No. 130. Judge Bryant recommends that the Court deny Movant Steven Zuber's ("Zuber") Motion to Vacate under 28 U.S.C. § 2255. ECF No. 124.[2] Zuber has filed objections. ECF No. 131. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Zuber was originally named in a three-count criminal Complaint. ECF No. 1. Plaintiff was appointed counsel and later named in five counts of a six-count Indictment. ECF No. 12. Pursuant to a plea agreement, Zuber entered a plea of guilty to Count One and Count Six of the Indictment. ECF No. 63. Count One charged Zuber with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Count Six charged Zuber with Using, Carrying, and Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On November 12, 2020, Zuber appeared before the Court for a change of plea hearing.

[1]Magistrate Judge Barry A. Bryant is now retired.
[2]The Court notes that Zuber filed a *pro se* motion (ECF No. 124), and his attorney filed a Supplement to that motion (ECF No. 128).

ECF No. 62. During the hearing, the Court informed Zuber that he would be sentenced according to the United States Sentencing Guidelines ("Guidelines") and that the Guidelines were advisory. ECF No. 100, at 17–18. The Court explained to Zuber that his attorney "may be able to give you an idea what he believes the guideline range will be, but that is just an educated guess. Until he receives the pre-sentence report, he's not going to know for sure what your guideline range will be either. Do you understand that?" ECF No. 100, at 18. Zuber indicated that he understood. ECF No. 100, at 18. The Court asked Zuber if his signature on the plea agreement was "voluntary and of your own freewill," and Zuber answered "[v]oluntary and on my own freewill, ma'am." ECF No. 100, at 23. When asked if anyone forced or threatened him to sign the plea agreement, Zuber answered no. ECF No. 100, at 23–24. When asked if anyone made any promises other than those contained in the plea agreement to get him to sign it, Zuber answered no. ECF No. 100, at 24. When asked if "anyone put any pressure on you," Zuber answered no. ECF No. 100, p. 24.

As part of the plea agreement, Zuber acknowledged the maximum penalties for Count One and Count Six. He agreed that the maximum term of imprisonment for Count one was twenty years, and that the maximum term of imprisonment for Count Six was life imprisonment. ECF No. 63, ¶ 9. Also, Zuber agreed that "any discussions [regarding his possible guideline range] merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court." ECF No. 63, ¶ 13. He also acknowledged that "the actual guideline range may be greater than contemplated by the parties." ECF No. 63, ¶ 13. He agreed that if the "actual guideline range is greater than the parties expected," this did not "give him the right to withdraw his plea of guilty." ECF No. 63, ¶ 13.

The United States Probation Office prepared a final version of the presentence investigation report ("PSR"). ECF No. 76. In the PSR, Zuber was classified a career offender

under USSG. § 4B1.1(a) because he had two prior felony convictions for controlled substance offenses and because the instant offense also qualified as a controlled substance offense. ECF No. 76, ¶¶ 65, 76. Because Zuber was determined to be a career offender who was also convicted of a § 924(c) offense and because he was found to be entitled to a three-level reduction for acceptance of responsibility under USSG. § 3E1.1, his guideline range under U.S.S.G. §§ 2K2.4(c) and 4B1.1(c)(3) was 262 to 327 months. ECF No. 76, ¶ 80.

On April 19, 2021, in accordance with the plea agreement, the Court sentenced Zuber. ECF No. 88. During the video conference hearing, the Court discussed the PSR with the parties. Because of his prior convictions, Zuber was determined to be a career offender. ECF No. 101, at 19–21. As a career offender, Zuber's guideline imprisonment range was 262 to 327 months. The Court, however, found the advisory guideline range to be excessive and granted a downward variance to a sentencing range of 211 to 248 months. ECF No. 101, at 40–42. The Court sentenced Zuber to 156 months imprisonment for Count One, the methamphetamine conspiracy count, and 60 months on Count Six, the § 924(c) count, to run consecutively, for a total of 216 months imprisonment. ECF Nos. 88, 89. Upon motion by the government, the Court dismissed Counts Three, Four, and Five. ECF No. 89.

Zuber filed the instant Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 124) and Supplement (ECF No. 128), raising four grounds for relief: (1) his guilty plea was unlawfully induced and was not made voluntarily because his counsel was ineffective in advising him regarding his plea; (2) his plea was a coerced confession because his counsel was ineffective by pressuring Zuber to accept a plea deal; (3) his counsel was ineffective by not objecting to his classification as a career offender; and (4) his sentence is excessive given that subsequent changes in the law would not allow him to be considered a career offender or receive a § 924(c)

enhancement if he was resentenced today.

Judge Bryant issued the instant Report and Recommendation (ECF No. 130), in which he recommended that the Court deny Zuber's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 124). Judge Bryant addressed each of Zuber's asserted grounds for relief and found that each was meritless. First, Judge Bryant determined that Zuber's plea was voluntary, knowing, and intelligent and that his counsel was not ineffective in advising Zuber regarding his plea. Second, Judge Bryant determined that Zuber's counsel did not coerce him into a confession. Third, Judge Bryant determined that Zuber was correctly classified as a career offender, and thus his counsel was not ineffective by failing to object to the classification. Fourth, Judge Bryant determined that no changes in the law in the Eighth Circuit would disqualify Zuber from being classified as a career offender. Zuber objects to the following conclusions in the Report and Recommendation (ECF No. 130): (1) his counsel was not ineffective in advising Zuber regarding the consequences of entering a guilty plea and that his counsel did not coerce his confession; and (2) his counsel was not ineffective for failing to object to Zuber's career offender classification. ECF No. 131. Pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of Zuber's specific objections.

## II. DISCUSSION

As noted above, Zuber asserts that his counsel was ineffective by failing to advise him of the consequences of his guilty plea and coercing a confession and by not objecting to Zuber career offender classification. The Court will address each issue below.

### A. Legal Standard for Ineffective Assistance of Counsel

"The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." Kimmelman v. Morrison, 477 U.S. 365, 374

(1986). The right to counsel includes the right to reasonably effective counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, Zuber must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Id. at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

When a claim of ineffective assistance of counsel involves an alleged attorney error during a legal proceeding, such as counsel failing to raise an objection at trial or to present an argument on appeal, a defendant "can demonstrate prejudice by showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Lee v. United States, 582 U.S. 357, 364 (2017) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000)). In the present case, Zuber must demonstrate that, absent attorney error, he would not have been sentenced as a career offender.

"When a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. at 364–65 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). However, "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. at 369. The inquiry "demands 'a case-by-case examination' of the 'totality of the evidence.'" Id. at 367 (quoting Williams v. Taylor, 529 U.S. 362, 391 (2000)). The "strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" Id. at 368–69 (quoting United States v. Timmreck, 441 U.S. 780, 784 (1979)).

**B. Guilty Plea**

Zuber asserts that his Sixth Amendment rights were violated when counsel advised him to plead guilty to both the methamphetamine-distribution conspiracy charged in Count One and the § 924(c) offense charged in Count Six of the indictment without fully explaining the consequences of such a plea. Zuber claims that his counsel advised him that he could expect a sentence of approximately 120 months. Zuber further claims that he did not understand he could be classified as a career offender or that he would have to serve at least a five-year consecutive sentence if he pled to the § 924(c) count. Zuber argues that his counsel pressured him to accept the plea agreement requiring him to plead guilty to both Count One and Count Six, because his counsel told him he would receive a longer sentence if he declined the plea agreement and elected to go to trial. Zuber contends that the deficient advice he received from counsel prejudiced him because his guilty plea to the § 924(c) offense resulted in a mandatory five-year sentence imposed to run consecutive to his sentence on the conspiracy count.

After reviewing the record, Judge Bryant concluded that Zuber "made no demonstration that entering into a plea agreement was anything other than entirely his decision." ECF No. 130, at 11. Zuber argues that Judge Bryant erred in recommending dismissal of Zuber's claims without holding a hearing to allow Zuber "to raise and develop issues that cannot be discerned from reviewing the existing record." ECF No. 131, at 7.

"An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief." Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000). A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record,

inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). "There is no requirement of a hearing where the claim[s][are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." Amos v. Minnesota, 849 F.2d 1070, 1072 (8th Cir. 1988).

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Here, Zuber offers no other evidence other than a conclusory, self-serving statement to support his claims that he received deficient advice from counsel regarding the length of his sentence and that his counsel coerced him to enter a guilty plea. In other words, he has presented no facts supported by law to support his claims that defense counsel promised he would receive a Guidelines sentence around 120 months or that he was not informed he could receive the career offender or 924(c) enhancements. Zuber's signed plea agreement and the plea colloquy directly contradict Zuber's claims, and consequently Zuber is not entitled to an evidentiary hearing on these claims.

The Court agrees with Judge Bryant that the record demonstrates that entering into a plea agreement was entirely Zuber's decision and that he was fully advised by the Court that the ultimate guideline range could be higher than any estimate his counsel gave him prior to the change of plea. Further, at the change of plea hearing, the Court informed Zuber of his statutory penalty for each count, and Zuber indicated that he understood the statutory penalties. Accordingly, after a *de novo* review of the record, the Court finds that Zuber has not met his burden of demonstrating that he is entitled to relief under 28 U.S.C. § 2255 as to his claims regarding his guilty plea.

**C. Career Offender Classification**

The Court moves now to Zuber's claim that his counsel was ineffective because he failed to object to Zuber's classification as a career offender under USSG § 4B1.1(a). The Guidelines enhance a defendant's base level if the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance." USSG §4B1.1(a). A controlled substance offense is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b).

Zuber argues that his instant conviction for conspiracy to distribute methamphetamine does not qualify as a "controlled substance offense" under USSG § 4B1.2(b), and thus his attorney should have raised an objection to Zuber's career offender classification. The basis for this argument is that inchoate offenses—such as conspiracy—are not included in the text of the Guideline, and the commentary is not effective to expand the scope of an unambiguous guideline.

The Court agrees with Zuber that he does not qualify as a career offender under the text of USSG §4B1.2(b) (Nov. 2020),[3] which defines controlled substance offense without reference to inchoate offenses. However, Judge Bryant notes that the commentary of USSG § 4B1.2(b) expressly states that the controlled substance offenses include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. USSG § 4B1.2, cmt. n.1 (Nov. 2020). Zuber

[3]The Court is referring to the November 2020 version of the Guidelines, which was in effect at the time Zuber was sentenced. USSG § 4B1.2 has since been amended and the text currently states that "the term[] . . . controlled substance offense' include[s] the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." USSG § 4B1.2(d) (Nov. 2025).

argues that the Guidelines commentary impermissibly expands the definition of a controlled substance offense, but the Eighth Circuit has explicitly rejected this argument. See United States v. Mendoza-Figueroa, 65 F.3d 691, 694 (8th Cir. 1995) (recognizing that Note 1 to § 4B1.2 is a "reasonable interpretation of the career offender guidelines" that is "well within the Sentencing Commission's statutory authority"). The Court must follow Eighth Circuit precedent.

Accordingly, after a *de novo* review of the record, the Court agrees with Judge Bryant that Zuber's counsel had no obligation to object to Zuber's classification as a career offender and that his counsel was not ineffective for failing to do so. Thus, Zuber has not met his burden of demonstrating that he is entitled to relief under 28 U.S.C. § 2255 as to his claims regarding his career offender classification.

## III. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that the Report and Recommendation (ECF No. 130) should be **ADOPTED** in its entirety. Zuber's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 124) is **DENIED**. The Court declines to issue a Certificate of Appealability.

**IT IS SO ORDERED**, this 8th day of October, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge